UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| RICKY HARRIS, | ) | |
|---|---|---|
| | ) | Case No. 2:23-cv-98 |
| *Petitioner*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Cynthia R. Wyrick |
| SHAWN PHILLIPS, | ) | |
| | ) | |
| *Respondent*. | ) | |

## MEMORANDUM OPINION

Ricky Harris ("Petitioner"), an inmate in the custody of the Tennessee Department of Correction ("TDOC"), filed a pro se (1) petition for a writ of habeas corpus under 28 U.S.C. § 2241 claiming that his 1988 sentence for first-degree murder expired in 2008 (Doc. 1) and (2) motion for the appointment of counsel (Doc. 17). Respondent filed a response to the petition (Doc. 15) along with the relevant state-court records (Doc. 14), and Petitioner filed a reply (Doc. 16). Upon due consideration of the parties' arguments, the state-court record, and the applicable law, the Court finds that habeas relief should be **DENIED**, the petition **DISMISSED**, and Petitioner's motion for the appointment of counsel (Doc. 17) **DENIED** as moot.

### I.  BACKGROUND

In 1988, a Carter County jury convicted Petitioner of the 1987 first-degree murder of his mother-in-law, and he received a life sentence. *State v. Harris*, No. 85, 1990 WL 171507, at *1 (Tenn. Crim. App. Nov. 8, 1990), *perm. appeal denied* (Tenn. Feb. 4, 1991). The Tennessee Court of Criminal Appeals ("TCCA") affirmed the conviction and sentence on direct appeal, and the Tennessee Supreme Court denied Petitioner's application for discretionary review. *Id*.

Thereafter, Petitioner unsuccessfully sought post-conviction and collateral other relief. *See, e.g.*, *Harris v. State*, 301 S.W.3d 141, 143–44 (Tenn. 2010) (discussing Petitioner's unsuccessful pursuits of collateral relief); *Harris v. State*, No. E2018-00362-CCA-R3-ECN, 2019 WL 669763 (Tenn. Crim. App. Feb. 19, 2019), *no perm. appeal filed* (affirming denial of writ of error coram nobis and discussing Petitioner's unsuccessful pursuits of collateral relief). On January 8, 2019, Petitioner filed a state habeas petition alleging that his sentence had expired. (Doc. 14-1, at 3–6.) On February 26, 2019, the state habeas court denied Petitioner relief, ruling that the life sentence had not expired and that the judgment was not facially illegal. (*Id*. at 23.) Petitioner appealed to the TCCA, arguing that his life sentence is a determinate sentence of thirty years and that, since he has served over thirty years, he is being held past his sentence expiration date. (*See* Doc. 14-2.) The TCCA affirmed the denial of relief, finding:

> The Petitioner was convicted of first degree murder and sentenced to life imprisonment in May 1988 for an offense that occurred on September 8, 1987. In his argument, the Petitioner conflates the analysis of a life sentence under the post-1995 provisions of 1989 Criminal Sentencing Reform Act with those applicable to his sentence under the 1982 Criminal Sentencing Reform Act. Under the provisions applicable to the Petitioner's life sentence, the Petitioner reaches release eligibility, not expiration of sentence, upon serving thirty years of the life sentence. *See James William Taylor, a/k/a/ Lufti Shafq Talal v. State*, No. M2012-01549-CCA-R3-PC, 2013 WL 2145776, at *5 (Tenn. Crim. App. May 15, 2013) (noting in a motion to correct illegal sentence that the appellant's conviction for a 1987 first degree murder "should have resulted in a life sentence with release eligibility on that life sentence after service of thirty years pursuant to Tennessee Code Annotated section 40-35-501(f) (Supp. 1987)"). The Petitioner's sentence has not expired. Therefore, he is not entitled to habeas corpus relief.

*Harris v. Hampton*, No. E2019-00571-CCA-R3-HC, 2020 WL 1934021, at *2 (Tenn. Crim. App. Apr. 22, 2020).

## II. ANALYSIS

This Court may issue the writ of habeas corpus to a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241.

Because Petitioner attacks the calculation of his sentence rather than its validity, the Court presumes § 2241, rather than 28 U.S.C. § 2254, is the appropriate vehicle for his claim. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998).[1]

### A. Timeliness

The instant petition for a writ of habeas corpus is subject to the statute of limitation under 28 U.S.C. § 2244(d)(1), which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S. C. § 2244(d)(1); *see also Williams v. Holloway*, No. 2:14-cv-02652-STA-TMP, 2016 WL 1058017, at *5 (W.D. Tenn. Mar. 14, 2016) (holding conclusion that § 2244(d) applies to § 2241 petitions "is supported by the plain language of the first sentence of 28 U.S.C. §

---

[1] The Court notes Petitioner has unsuccessfully sought habeas relief under 28 U.S.C. § 2254. *See Harris v. Carter Cnty.*, No. 2:94-cv-225 (E.D. Tenn. June 20, 1994) (dismissing § 2254 petition for failure to exhaust remedies). But the Court presumes for purposes of this Memorandum Opinion that petitions filed under 28 U.S.C. § 2241 are not subject to the gatekeeping provisions of 28 U.S.C. § 2244. *See Zayas v. I.N.S.*, 311 F.3d 247, 255 (3d Cir. 2002).

2244(d)(1), which is not limited to habeas petitions under § 2254"). Petitioner's sole federal claim is that his life sentence expired in 2008 after he had served thirty years in TDOC custody. (Doc. 1.) Therefore, § 2244(d)(1)(D) applies to Petitioner's claim, as it is the most relevant subsection to address the issue of the petition's timeliness. *See Alexander v. Birkett*, No. 06-1662, 228 F. App'x 534, 536 (6th Cir. 2007) (finding "stiffen[ing]" of parole policy created the factual predicate on which to judge timeliness under subsection (D)); *Wooden v. Steward*, No. 3:12-cv-786, 2013 WL 587478, at *8 (M.D. Tenn. Feb. 13, 2013) ("Sixth Circuit case law confirms that habeas petitions premised upon administrative decisions denying parole or calculating eligibility for parole are governed by the limitation period set forth in § 2244(d)(1)(D).").

Petitioner presumably "could have discovered" the factual predicate of his federal claim in 2008. But he unquestionably knew the factual predicate in 2019 when he claimed in his state habeas proceeding that his sentence expired in 2008. *See Harris*, 2020 WL 1934021, at *1. The TCCA denied relief on that claim on April 22, 2020, and Petitioner did not apply for discretionary review in the Tennessee Supreme Court. *Id*. Therefore, under the most generous readings of the facts and § 2244(d)(1)(D), Petitioner's federal limitation period began to run on June 22, 2020[2]—the expiration of the sixty-day deadline to apply for discretionary review in the Tennessee Supreme Court following the TCCA's judgment. *See* Tenn. R. App. 11(b). The federal limitation period expired one year later on June 22, 2021. Therefore, the instant petition, filed on July 28, 2023[3] (Doc. 1, at 14), is untimely.

---

[2] The deadline for discretionary review fell on a weekend, and, thus, the period continued to run through the next business day, Monday June 22, 2020. *See* Tenn. R. App. P. 21(a).

[3] A prisoner's petition is deemed "filed" when it is submitted to prison officials for mailing. *See Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002) (holding federal habeas application is deemed filed when handed to prison authorities for mailing). Under Sixth Circuit precedent, the date Petitioner signed the document is typically deemed the date of handing it to the prison authorities

## B. Exhaustion

Despite the Court's ruling that the instant petition was untimely filed, the Court also finds that Petitioner has not exhausted his remedies under Tennessee law. Exhaustion of state remedies is not a statutory requirement under § 2241, but it is nonetheless required. *See Collins v. Million*, 121 F. App'x 628, 630 (6th Cir. 2005) ("[Petitioner] argues that his challenge is rather to the execution of his sentence, a challenge properly brought under 28 U.S.C. § 2241. We decline to decide this question because under either of these sections [he] is required first to exhaust his state court remedies."); *Seaton v. Kentucky*, 92 F. App'x 174, 175 (6th Cir. 2004) (affirming dismissal of § 2241 petition for "failure to exhaust state court remedies").

To properly exhaust a claim challenging release issues, Petitioner must follow the procedures of the Uniform Administrative Procedures Act ("UAPA"). *Murphy v. Dep't of Corr.*, No. 3:19-cv-00487, 2019 WL 4167343, at *2 (M.D. Tenn. Sept. 3, 2019) (citations omitted). This requires Petitioner to first seek a declaratory order from TDOC regarding the sentence calculation. *Id*. (citations omitted). "If TDOC refuses to issue a declaratory order, the petitioner may seek judicial review by seeking a declaratory judgment in the chancery court and may appeal the chancery court's adverse decision to the Tennessee Court of Appeals." *Id*. (citations omitted).

Here, Petitioner did not follow these procedures. Instead, he pursued his claim in state court by petitioning for state habeas relief. Therefore, Petitioner's federal claim is unexhausted, because he may challenge the calculation of his release eligibility by complying with the UAPA. *See Stewart v. Schofield*, 368 S.W.3d 457, 464 (Tenn. 2012) ("An inmate dissatisfied with

---

for mailing. *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). Because Petitioner signed his petition on July 28, 2023, the Court considers the petition filed on that date.

TDOC's calculation of a release eligibility date may challenge the calculation, but the challenge must comply with the procedures of the UAPA.").

C. **Merits**

Finally, the Court finds that, despite the petition's untimeliness and want of exhaustion, is it otherwise without merit. As the TCCA noted, Petitioner has merely reached "release eligibility" under Tennessee law; his life sentence has not expired. (*See* Doc. 14-6); *Harris*, 2020 WL 1934021, at *2. And the TCCA's interpretation of State sentencing law binds this Court, as "the federal habeas court does not act as an additional state appellate court to review a state's interpretation of its own law or procedure." *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987); *see also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("We have repeatedly held that a state court's interpretation of state law . . . binds a federal court sitting in habeas corpus."). Therefore, Petitioner's claim otherwise fails to warrant federal habeas relief on its merits.

III. **CERTIFICATE OF APPEALABILITY**

A petitioner must obtain a certificate of appealability ("COA") before he may appeal this Court's decision denying federal habeas relief. 28 U.S.C. § 2253(c)(1). A COA will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right" of any claim rejected on its merits, which a petitioner may do by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim that has been rejected on procedural grounds, a petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court
6

TDOC's calculation of a release eligibility date may challenge the calculation, but the challenge must comply with the procedures of the UAPA.").

C. **Merits**

Finally, the Court finds that, despite the petition's untimeliness and want of exhaustion, is it otherwise without merit. As the TCCA noted, Petitioner has merely reached "release eligibility" under Tennessee law; his life sentence has not expired. (*See* Doc. 14-6); *Harris*, 2020 WL 1934021, at *2. And the TCCA's interpretation of State sentencing law binds this Court, as "the federal habeas court does not act as an additional state appellate court to review a state's interpretation of its own law or procedure." *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987); *see also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("We have repeatedly held that a state court's interpretation of state law . . . binds a federal court sitting in habeas corpus."). Therefore, Petitioner's claim otherwise fails to warrant federal habeas relief on its merits.

III. **CERTIFICATE OF APPEALABILITY**

A petitioner must obtain a certificate of appealability ("COA") before he may appeal this Court's decision denying federal habeas relief. 28 U.S.C. § 2253(c)(1). A COA will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right" of any claim rejected on its merits, which a petitioner may do by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim that has been rejected on procedural grounds, a petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court

was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Applying this standard, the Court concludes that a COA should be denied in this case.

## IV. CONCLUSION

For the reasons set forth above, the instant petition for a writ of habeas corpus will be **DENIED**, this action **DISMISSED**, and Petitioner's motion for the appointment of counsel (Doc. 17) **DENIED** as moot. A certificate of appealability from this decision will be **DENIED**.

Further, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT SHALL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**